STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
July 15, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RALPH A. CROWE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1022** (BOR Appeal No. 2045399)
                              (Claim No. 2010103724)

**MAGNUM COAL COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Ralph A. Crowe, by Michael E. Froble, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Magnum Coal Company, by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2011, in which the Board affirmed a November 18, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 5, 2009, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 14, 2009, Ralph A. Crowe was employed as a coal miner for Beckley Magnum Coal Company, when he slipped and fell after picking up a top roller. Mr. Crowe's claim was held compensable for lumbosacral sprain. On October 20, 2009, Dr. Mazagri requested authorization for a left L5-S1 laminectomy and discectomy surgery. The claim administrator denied the request. Mr. Crowe appealed arguing that the evidence establishes that the need for a left L5-S1 laminectomy and discectomy is medically related and reasonably required due to Mr. Crowe's compensable injury. Magnum Coal Company argues that Mr.

1

Crowe's need for a L5-S1 laminectomy and discectomy surgery is due to his degenerative disc disease and is in excess of the Rule 20 Guidelines for the compensable injury (lumbar sprain).

Drs. Mazagri, Chipley and Bachwitt all found an underlying chronic degenerative disc disease. Dr. Paul Bachwitt conducted an independent medical examination on Mr. Crowe and diagnosed the compensable injury as a lumbar sprain/strain which was superimposed on preexisting degenerative changes; and that Mr. Crowe had reached maximum medical improvement with a 8% whole person impairment. In its Order, the Office of Judges held that the preponderance of the evidence showed that the left L5-S1 laminectomy and discectomy surgery were treatment for the preexisting degenerative disc disorder, which is not a compensable component in this claim. The Office of Judges found that the evidence of record failed to establish a causal connection between the compensable lumbar strain and the requested surgery. The Board of Review reached the same conclusion in its decision of June 7, 2011.

On November 19, 2009, Dr. Julian Chipley acknowledged that Mr. Crowe had chronic degenerative disease, but Dr. Chipley stated that after comparing the MRIs and the radiology reports he opined that the herniation/protrusion is a result of a new injury that was progressively deteriorating. On April 21, 2010, Dr. Chipley gave deposition testimony in which he agreed that Mr. Crowe's degenerative disc disease had pre-existed the August 14, 2009, compensable injury. Dr. Chipley gave his opinion that the L5-S1 laminectomy and discectomy surgery was necessary as a result of Mr. Crowe's compensable injury. We find that although Mr. Crowe suffered degenerative disc disease prior to the compensable injury, it was the compensable injury that caused Mr. Crowe to require the left L5-S1 laminectomy and discectomy surgery.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded to grant authority for the left L5-S1 laminectomy and discectomy surgery.

Reverse and Remand.

**ISSUED: July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Robin J. Davis
Justice Allen H. Loughry II